BREAUX, C. J.
Plaintiff brought this suit for $100, alleged value of a mare killed by defendant’s road, plaintiff claims, while running through the town of Kenner in the parish of Jefferson.
The clerk of the district court for the parish of Jefferson sent the petition and citation for service to the sheriff of Orleans parish, who made service on the agent of defendant.
The following is substantially the officer’s return: That he made service at defendant company’s office on its local treasurer; that the agent of the company for the state was absent from the city.
The defendant excepted on the ground, in substance, that the sheriff of the parish of Orleans was without authority to make service of petition and citation issued by the district court for Jefferson parish.
The judge of the district court sustained the exception and dismissed the suit.
Plaintiff, relator here, obtained a preliminary writ of certiorari, and, upon his petition for that writ, the issues are before us for decision.
The sheriff generally serves all processes of the court within the limits of his own parish, and his authority does not extend further unless under some special provision of law. There is no question but that, before the Act No. 261 of 1908 was adopted, a service made by the sheriff of the parish in which the defendant resided was legal.
The suit was brought within the parish in which the alleged tort had been committed.
The copies of petition and citation go to the domicile. Code of Practice, art. 184.
[1] The exception is that Act No. 261 of 1908 repeals all prior laws on the subject.
The following is an excerpt from the title of the act:
“To provide the manner the service shall be made.”
[2, 3] The text of the act directs that the service shall be made by the sheriff of the court issuing the citation. It is not within the limit imposed by the title relative to the manner the citation shall be served. The text of the act relates to the person by whom the service is to be made, the other, to the manner of the service, and, in this respect, we are decidedly of the opinion -that the act is amenable to plaintiff’s constitutional objection that the act goes beyond the object and intention expressed in the title as relates to the officer by whom the service is to be made. We do not go further than to hold that, as relates to the officer, the act is not strictly within its title. We have no objection to’ state regarding the act *97 in every other respect. There is nothing in title or act indicative of an intention to repeal the articles of the Code of Practice, which contain provisions authorizing sheriffs and constables to make service of process from other parishes, when authorized by the articles of the Code.
As to the sheriff of the court issuing a citation upon a corporation under the provisions of the Act No. 261 of 1908, he has authority to serve process upon either a foreign or a domestic corporation having its domicile within the limits of the parish. The repeal of laws by implication is not favored, and we see no reason why we should decide, without a very express law requiring such an interpretation or the very strongest implication, that the articles of the Code of Practice before referred to have been repealed, and that hereafter the sheriff of the court in which the suit is brought shall have to go to a distant parish to serve a process upon a defendant therein domiciled.
For reasons stated, it is ordered, adjudged, and decreed that the writ of certiorari be made perpetual in accordance with the prayer of plaintiff’s petition; the judgment of the district court is avoided, annulled, and reversed; the case is reinstated on the docket of the court; and the service of process is decreed legal.